UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re *Ex Parte* Application of HYBE CO., LTD., BELIFT LAB INC., and SOURCE MUSIC CO., LTD | Case No. 24-mc-80228-DMR<br><br>**ORDER ON EX PARTE APPLICATION FOR ISSUANCE OF AN ORDER UNDER 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Applicants HYBE Co., Ltd. ("Hybe"), BELIFT LAB Inc. ("Belift"), and SOURCE MUSIC Co., Ltd. ("Source Music") (collectively "Applicants") filed an ex parte application seeking permission to issue a subpoena pursuant to 28 U.S.C. § 1782 to obtain discovery for use in foreign proceedings. [Docket No. 1.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). Having considered the papers and the relevant legal authority, the court grants the application.

**I.   BACKGROUND**

Hybe is a multinational entertainment corporation with its principal place of business in Seoul, South Korea. [Docket No. 1-10 (Wook Ki Lee Decl., Sept. 9, 2024) ¶ 2. Belift and Source Music are subsidiaries of Hybe. *Id.* at ¶ 4. Applicants manage and train K-pop singers, as well as operate a record label, talent agency, music production company, event and concert management company, and music-publishing house. *Id.* at ¶ 3. Applicants use social media to cultivate audiences for the artists and performers they represent. *Id.* at ¶ 4.

Applicants assert that the YouTube channels "Cute Rabbit Jjang," "EnterPick," "People Box," "Da Issue," "NewJeansFam," "Issue Tan," and "Wangjam Issue" (collectively the "YouTube Channels") published videos which made or propagated false and damaging statements against Applicants. *Id.* at ¶ 5. For example, the YouTube Channels claimed that ILLIT, a female

K-pop group managed by Belift, plagiarized its content from other artists, and that LE SSERAFIM, another female K-pop group managed by Source Music, masked its members' singing abilities from the general public. *Id.* On August 30, 2024, Applicants filed eight separate civil complaints against the anonymous individuals operating the YouTube Channels in Seoul Western District Court (the "Korean Proceedings"). [Docket No. 1-1 (Jong-Uk Park Decl., Sept. 9, 2024) ¶ 2.] Jong-Uk Park, an attorney representing Applicants in the Korean Proceedings, states that Applicants have a "good faith basis" to believe that their complaints set forth "valid legal claims for defamation, among other civil torts cognizable under South Korean law." *Id.* at ¶ 3. Despite reasonable efforts, Applicants have been unable to determine the identities of the individuals operating the YouTube Channels. *Id.* at ¶ 4.

Applicants now seek leave to issue a subpoena to non-party Google LLC ("Google") for documents and information related to identifying the individual(s) who created, used, and/or otherwise logged in to each of the YouTube Channels. [Docket No. 1, Ex. A (Proposed Subpoena).] Google filed a statement of non-opposition, reserving its right to challenge the subpoena after it is served. [Docket No. 11.]

## II.   LEGAL STANDARD

Applicants seek discovery pursuant to 28 U.S.C. § 1782, which states as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). The purpose of section 1782 is "to provide federal-court assistance in the gathering of evidence for use in a foreign tribunal." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004) (noting that section 1782 has the "twin aims" of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign

2

1   countries by example to provide similar means of assistance to our courts" (citation and quotations
2   omitted)).

3 A district court is authorized to grant a section 1782 application where (1) the person from
4   whom the discovery is sought resides or is found in the district of the district court to which the
5   application is made, (2) the discovery is for use in a proceeding before a "foreign or international
6   tribunal," and (3) the application is made by the foreign or international tribunal or "any interested
7   person." 28 U.S.C. § 1782(a); *see also Intel*, 542 U.S. at 246-47; *In re Republic of Ecuador*, No.
8   C-10-80255-CRB (EMC), 2010 WL 3702427, *2 (N.D. Cal. Sept. 15, 2010).

9 "However, simply because a court has the authority under § 1782 to grant an application
10  does not mean that it is required to do so." *In re Republic of Ecuador*, 2010 WL 3702427, at *2
11  (citing *Intel*, 542 U.S. at 264). The Supreme Court has identified several discretionary factors that
12  a court should take into consideration in ruling on a Section 1782 request: (1) whether the "person
13  from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the
14  foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the
15  foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3)
16  whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or
17  other policies of a foreign country or the United States"; and (4) whether the request is "unduly
18  intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

19  **III. DISCUSSION**
20   **A. Authority to Issue Subpoena**
21   The court has reviewed Applicants' application and determines that the statutory
22  requirements of section 1782 have been satisfied. First, Applicants have established that Google
23  has its principal office in Mountain View, California, which is in this district. Park Decl. ¶ 4.
24  Second, the discovery is for use in the Korean Proceedings, which are proceedings before a
25  foreign tribunal. Third, Applicants qualify as "interested persons" because there is "[n]o doubt
26  that litigants are included among, and may be the most common example of, the 'interested
27  person[s]' who may invoke § 1782." *Intel*, 542 U.S. at 256. Applicants are plaintiffs in the
28  Korean Proceedings, so they are litigants and clearly "interested persons" within the meaning of

section 1782.

## B.     Discretionary Factors

Having concluded that it has the authority to issue the subpoenas, the court turns to the question of whether the four discretionary factors identified by the Supreme Court weigh in favor of or against issuance of the subpoena.

With respect to the first discretionary factor, the Supreme Court has noted that "when the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.  A foreign tribunal has jurisdiction over those appearing before it and can itself order them to produce evidence.  In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264 (internal quotations and citations omitted).  Here, Google is not a party to the Korean Proceedings, and Korean courts do not have jurisdiction to order discovery from Google.  Park Decl. ¶ 4.  This factor weighs in favor of the court granting leave to issue the subpoena.

The second factor examines the nature and receptivity of the foreign tribunal.  Park states that the South Korean courts "would receive as evidence the information sought by Applicants," and that Park is "not aware of any directive by South Korean courts that would preclude the use of the requested materials." *Id*. at ¶ 6.  This factor weighs in favor of Applicants.

With respect to the third factor, there is nothing to suggest that Applicants are attempting to circumvent foreign proof-gathering restrictions.  According to Park, "[i]f Google were subject to the jurisdiction of Korean courts, this information could be obtained through discovery in the Korean Proceedings themselves." *Id.* at ¶ 4.  This factor also weighs in favor of granting the application.

The fourth factor examines whether the requested discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.  "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *In re Ex Parte Application of Qualcomm Inc.*, 162 F.

4

1  Supp. 3d 1029, 1043 (N.D. Cal. 2016).  Here, the proposed subpoena requests documents to
2  identify the individuals who operated the Google and/or YouTube accounts associated with the
3  YouTube Channels ("Google Accounts").  Proposed Subpoena.  There are two categories of
4  information requested: 1) Google account IDs, Google account created dates, names, dates of
5  birth, genders, phone numbers, email addresses, and addresses of the persons who created, used, or
6  otherwise logged in to each of the Google Accounts; and 2) the names, dates of birth, genders,
7  phone numbers, and addresses of the persons associated with credit cards, bank accounts, and
8  other electronic commerce details registered with each of the Google Accounts.  *Id.*  The request
9  does not seek the actual credit card numbers, bank account numbers, or the electronic commerce
10  account numbers or passwords, and it does not seek any financial transaction information.
11  Applicants also seek "Access Logs," which are the dates and times (or timestamps), Internet
12  Protocol (IP) addresses, activity types, port numbers, and any other related information that is kept
13  by Google when users or accountholders login or upload videos to their Google Accounts.  *Id.*  To
14  the extent that Access Logs are provided to identify the user(s) of each of the Google Accounts,
15  Applicants seek at least the last ten Access Logs and the time zone(s) associated with the
16  timestamps in those Access Logs.  *Id.*  This discovery is appropriately tailored to documents and
17  information identifying the individual(s) responsible for the allegedly defamatory videos
18  published by the YouTube Channels.
19        These findings do not preclude Google or the affected individual(s) (i.e., the individual(s)
20  who operated the YouTube Channels) from contesting the subpoena.  The Ninth Circuit has held
21  that applications for subpoenas pursuant to section 1782 may be filed ex parte because "[t]he
22  witnesses can . . . raise[ ] objections and exercise[ ] their due process rights by motions to quash
23  the subpoenas."  *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976).
24  Given the nature of the information sought by the subpoena, the court also finds that the subpoena
25  should contain a mechanism by which Google and the affected individual(s) may contest the
26  disclosure of their personal identifying information pursuant to the subpoena.  Accordingly,
27  Google shall serve a copy of the subpoena and a copy of this order on each individual associated
28  with the YouTube Channels within 30 days of the date of service on Google.  Google may serve

any such individual(s) using any reasonable means, including written notice sent to their last known address, transmitted either by first-class mail or via overnight service.

Google and each individual associated with the YouTube Channels shall have 30 calendar days from the date of service upon them to file any motions in this court to contest the subpoena. If the 30-day period lapses without an individual contesting the subpoena, Google shall have 10 days to produce to Applicants the information responsive to the subpoena with respect to that individual.

### IV. CONCLUSION

For the foregoing reasons, the court grants the application. Applicants may serve a finalized version of the subpoena attached to its application. Google and the individual(s) associated with the YouTube Channels shall be permitted to contest the subpoena in accordance with the procedure set forth above. Applicants must serve a copy of this order on Google at the same time as the subpoena.

**IT IS SO ORDERED.**

Dated: November 27, 2024

_____
Donna M. Ryu
Chief Magistrate Judge

6